**Oral Argument Not Scheduled**

**Nos. 16-7070**

---

# United States Court of Appeals
# for the District of Columbia Circuit

---

Demetra Baylor,

*Appellant*

v.

Mitchell Rubenstein & Associates, P.C.,

*Appellee*

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CASE NO. 13-CV-1995-ABJ, HON. Amy Berman Jackson**

---

**PETITION OF APPELLANT FOR REHEARING *EN BANC***

**FOR APPELLANT**
CONSUMER JUSTICE ESQ
Radi Dennis
1750 Pennsylvania Avenue, # 27081
Washington, D.C. 20038
Telephone: (202) 579-1243
Facsimile: (202) 644-5270
rdennis@consumerjusticeesq.com
*Counsel for Appellant-Appellee*
*Demetra Baylor*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to this Court's Circuit Rule 28(a)(1), counsel for Appellant Demetra Baylor hereby certifies that:

(A) Parties and Amici

The parties in interest in this case are the Petitioner, Demetra Baylor, and Respondent, Mitchell Rubenstein & Associates, P.C. all of whom appeared before the District Court. No party intervened in the District Court or in this Court.

(B) Rulings Under Review

Appellant seeks review of the District Court's Order of July 8, 2014 (Docket #26) followed by a memorandum of opinion issued the same day (Docket #27) by the Honorable Amy Berman Jackson, the Magistrate's Report and Recommendation dated October 24, 2014 (Docket #45) by the Honorable Deborah A. Robinson, Minute order (December 19, 2014) by the Honorable Amy Berman Jackson, Order of January 6, 2015 (Docket #54) followed by a memorandum of opinion issued the same day (Docket #55) by the Honorable Amy Berman Jackson, Magistrate's Orders dated June 29, 2015 and July 31, 2015 (Docket #s 75, 81, 82) by the Honorable Michael G. Harvey, Order of August 28, 2015 followed by a memorandum of opinion issued on September 17, 2015 (Docket #101) by the Honorable Amy Berman Jackson, Order dated March 31, 2016 (Docket #107) followed by a memorandum of opinion issued the same day (Docket #108) by the Honorable Amy Berman Jackson and Order dated April 27, 2016 (Docket #115) by the Honorable Amy Berman Jackson.  To the extent that any Order identified herein is construed to incorporate any other Orders entered prior to the date of a specific Order or Judgment named, such Orders are also appealed from.

(C) Related Cases

This case was previously before this Court on July 1, 2015 as case No. 15-7018 when the panel granted Appellee's Motion to Dismiss finding the Order appealed not being a final order.  To counsel's knowledge there are no related cases currently pending before this Court or any other court.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................4

GLOSSARY OF ACRONYMS AND ABBREVIATIONS ....................................6

SUMMARY OF ARGUMENT ...............................................................7

STANDARD FOR REHEARING EN BANC ........................................................11

ARGUMENT ...................................................................................12

I.   The Panel Decision Conflicts with the Attorney General Charged with Enforcing the CPPA and Superior Court for the District of Columbia Decisions Finding Debt Collection a Trade Practice and Debt Collectors Merchants under the District of Columbia Consumer Protection and Procedures Act ('CPPA"). ..............................................................12

II.  The Panel Decision Involves an Issue of Exceptional Importance to District of Columbia Consumers Facing Abusive Debt Collection Practices............14

CONCLUSION ...................................................................................21

CERTIFICATE OF COMPLIANCE......................................................................22

CERTIFICATE OF SERVICE ...............................................................22

# <u>TABLE OF AUTHORITIES</u>

## Cases

*A. Weschler & Son, Inc. v. Klank*, 561 A.2d 1003 (D.C. 1989) ...............................8

*Afram Export Corp. v. Metallurgiki Halyps, S.A*., 772 F.2d 1358 (7th Cir. 1985) .11

*Baylor v. Mitchell Rubenstein & Assocs., P.C*., 55 F.Supp.3d 43 (D.D.C.2014)....10

*DeBerry v. First Government Mortg and Investors Corp,* 743 A.2d 699 (D.C. 1999)...........................................................................................................11

*Delahanty v. Hinckley*, 845 F.2d 1069 (D.C. Cir. 1988) ................................... 9, 11

*\*District of Columbia v. Cashcall*, *Inc., et al*, Case No. 2015 CA 006904 B (July 11, 2016).........................................................................................................8

*\*District of Columbia v. Fair Collections & Outsourcing, Inc.*, Case No. 2015 CA 008479 B...............................................................................................10

*East v. Graphic Arts Indus. Joint Pension Trust*, 107 F.3d 911 (D.C.Cir.1997) 9, 11

*Grayson v. AT&T Corp*., 15 A.3d 219 (D.C. 2011) ...................................................9

*Howard v. Riggs Nat'l Bank*, 432 A.2d 701 (D.C. 1981).........................................9

*Joy v. Bell Helicopter Textron, Inc.,* 999 F.2d 549 (D.C. Cir. 1993) .....................11

*Logan v. LaSalle Bank Nat. Ass'n*, 80 A.3d 1014 (2013).......................................13

*\*Nationwide Mut. Ins. Co. v. Richardson*, 270 F.3d 948 (D.C. Cir. 2001).............11

*Nationwide*, 270 F.3d at 950 ..................................................................................12

*Osinubepi-Alao v. Plainview Fin. Servs., Ltd.,* 44 F. Supp. 3d 84 (D.D.C. 2014)..10

*Snowder v. District of Columbia*, 949 A.2d 590 (D.C. 2008) ...................................9

*Sturdza v. United Arab Emirates*, 281 F.3d 1287 (D.C. Cir. 2002) ................. 9, 11

## Statutes

D.C. Code § 11-723 ...............................................................................13

D.C. Code § 28-3901 ......................................................................... 9, 13

D.C. CODE § 28-3904 ...........................................................................7

D.C.CODE § 11–723 ...............................................................................7

D.C.Code § 11–723(a). ........................................................................13

D.C.Code § 28–3904...............................................................................7

## Rules

FRAP 35(a) .............................................................................................8

* Authorities upon which we chiefly rely are marked with asterisks

## <u>GLOSSARY OF ACRONYMS AND ABBREVIATIONS</u>

FDCPA – Fair Debt Collections Practices Act
CPPA  – District of Columbia Consumer Protections and Procedures Act

## SUMMARY OF ARGUMENT

The issue is of enormous importance as individual consumers face a loss of a private statutory right simply by filing a case in federal court. The issue is critical because, if the panel's holding that the CPPA does not apply to debt collectors hold, then such collectors hereafter can evade judicial scrutiny under the CPPA by simply removing the action to federal court thereby preventing consumers from ever enforcing their statutory rights under the CPPA. Consumers also face an immediate loss of remedy relating to abusive debt collection practices based merely on their forum choice. In light of the "extreme public importance of the question, the likelihood of its recurrence in future cases, and the absence of a discernable answer within local law" and the conflicting interpretations between the Superior Court for the District of Columbia and the federal courts, Appellant requests rehearing *en banc* and request that the following question be certified to the District of Columbia Court of Appeals pursuant to D.C.CODE § 11–723:

> Whether the District of Columbia Consumer Protection Procedures Act making it an unlawful trade practice for any person, whether or not any consumer is misled, to misrepresent or fail to state a material fact having a tendency to mislead, applies to debt collectors engaged in debt collection. D.C.Code § 28–3904(e) and (f).

The CPPA exists to "assure that a just mechanism exists to remedy **all** improper trade practices and deter the continuing use of such practices" and is to be

"construed and applied liberally to promote its purpose." The Panel provided the

following analysis for its conclusion that a debt collector is not a "merchant" in its

own right:

> …it seems perverse to suggest that the "consumer" of the services it
> provides — debt collection — is the individual from whom it is attempting
> to collect rather than the creditor who retained it. The provisions of the
> CPPA cited in Appellant's Complaint, D.C. CODE § 28-3904(e) and (f),
> appear to apply only when a consumer is, or could be, misled by a
> merchant's actions. See id. ("It shall be a violation of this chapter, whether or
> not any consumer is in fact misled [or] deceived . . . for any person to . . .
> misrepresent as to a material fact which has a tendency to mislead" or "fail
> to state a material fact if such failure tends to mislead."). The situation here
> does not fit within the statutory proscription.

However, the same can be said about repossession agents retained by creditors, yet

there is no question that such agents are subject to the CPPA as "merchants"

pursuant to § 28–3904(z-1)(dd) ("violate any provision of title 16 of the District of

Columbia Municipal Regulations"). Following the Panel's reasoning, it is the

creditor that retains the repossession agent yet the agent's actions, repossession, are

services provided in the context of a "consumer-merchant" relationship that

implicates the CPPA. As the Panel determined, the CPPA applies only to

consumer-merchant relationships. Therefore, the clear application of the CPPA to

repossession agents contradicts the Panel's analysis and conclusion. Additionally,

the CPPA contains no requirement of a payment from the consumer to the

merchant or that a consumer retains the services of the merchant in order to

implicate the CPPA as the transfer of false information from one on the supply-side of the consumer-merchant transaction implicates the CPPA.

An actual consumer need not actually be mislead as it is a violation even if "a consumer…could be, misled." Therefore, if a consumer could be misled by a firm that transfers "information about" a sale of credit or "consumer services of all types," to hypothetical consumers as is the case here, then such situation is within the statutory proscription of the CPPA. Moreover, "goods or services" cannot cease being so simply because the good or service is transferred to another participant further along the supply chain; the repossession agent being a prime example. Though the Panel rightly concludes that the CPPA does not limit the definition of "merchant" to one who *directly* supplies goods or services to consumers, but includes all persons connected to the supply-side of a consumer transaction, it then unfortunately conversely concludes that because MRA did not directly supply goods and services to the Plaintiff that it is not a merchant within the meaning of the CPPA. See *Adam A. Weschler & Son, Inc. v. Klank*, 561 A.2d 1003 (D.C. 1989). MRA is the equivalent of the repossession agent in Title 16. The consumer did not retain the repossession agent, the creditor did yet any violation of Title 16 by the repossession agent constitutes a deceptive trade practice and the repossession agent is considered a "merchant" under the CPPA even though he/she was hired by the creditor. Like the repossession agent, MRA is

an agent further down the supply chain of the consumer-merchant transaction that was not retained by the consumer yet falls within the statutory proscription of the CPPA.

The recurring nature of the issue, the conflicting decisions between the Superior Court for the District of Columbia and federal courts, and the pervasiveness of debt collection in the District of Columbia makes the issue one of extreme importance. The inability of a consumer to obtain the same relief under the CPPA in federal courts that he/she can obtain in the Superior Court for the District of Columbia also urges certification of the question to the District of Columbia Court of Appeals. It is believed that the District of Columbia Court of Appeals can provide the clarity needed with respect to this local law. Such guidance that will promote consistent application in both federal and local courts saving the DC consumer from a forced Sophie's choice as to whether to bring his/her action in local or federal court.[1]

---

[1] As a side note to the Court's analysis as to the proper standard of review for the magistrate's report and recommendation of the attorney fee motion concerning FED. R. CIV. P. 72, Rule 54(d)(2)(E) provides an exception to Rule 54(d)(2)(D). Rule 54(d)(2)(D) does not appear to apply to "claims for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. § 1927." Part of the attorney fees awarded in this case were sanctions against the Defendant under 28 U.S.C. § 1927 for filing an "unnecessary" motion. The exception does not appear to require *de novo* review for such motions.

## STANDARD FOR REHEARING *EN BANC*

Under Federal Rule of Appellate Procedure 35 and Circuit Rule 35, a majority of the circuit judges in regular active service and who are not disqualified may order that an appeal be heard or reheard en banc where:

(2) the proceeding involves a question of exceptional importance. FRAP 35(a).

Here, the Panel's decision directly conflicts with the decisions of the Superior Court for the District of Columbia applying the CPPA, *District of Columbia v. Cashcall*, *Inc., et al*, Case No. 2015 CA 006904 B (July 11, 2016)(denied motion to dismiss finding that debt collector can be a "merchant" under the CPPA); *District of Columbia v. Fair Collections & Outsourcing, Inc.*, Case No. 2015 CA 008479 B (February 9, 2016)(denied motion to dismiss rejecting debt collector argument asserting that it is not a "merchant") effectively nullifying and overruling such decisions  and likely to cause differing opinions in the district courts.  The panel's decision also conflicts with this Court's decisions in *East v. Graphic Arts Indus. Joint Pension Trust*, 107 F.3d 911, 911 (D.C.Cir.1997) ; *Delahanty v. Hinckley*, 845 F.2d 1069, 1070 (D.C. Cir. 1988), *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1302 (D.C. Cir. 2002), where this court declined to speculate on issues of local law.  The Court therefore should grant en banc review and certify the question to the District of Columbia Court of Appeals to resolve the conflicting

interpretations between the Superior Court for the District of Columbia and the federal court.

## ARGUMENT

**I.**   **The Panel Decision Conflicts with the Attorney General Charged with Enforcing the CPPA and Superior Court for the District of Columbia Decisions Finding Debt Collection a Trade Practice and Debt Collectors Merchants under the District of Columbia Consumer Protection and Procedures Act ('CPPA').**

The decision of the Panel conflicts with local court decisions findings that debt collectors are "merchants" under the CPPA.   It is settled law that the District of Columbia Court of Appeals considers the CPPA to be a remedial statute that must be "construed and applied liberally to promote its purpose." *Grayson v. AT&T Corp.*, 15 A.3d 219, 244-45 (D.C. 2011) (en banc)(quoting D.C. Code § 28-3901(c)).   The District of Columbia Court of Appeals has also decided that the Act covers "trade practices arising out of consumer-merchant relationships." *Snowder v. District of Columbia*, 949 A.2d 590, 599 (D.C. 2008) (quoting *Howard v. Riggs Nat'l Bank*, 432 A.2d 701, 709 (D.C. 1981)).   At least two courts in the Civil Division of the Superior Court for the District of Columbia have found that debt collectors are "merchants" under CPPA.  The CPPA defines "merchants," as those

who "supply goods or services which are or would be the subject matter of a trade practice." The relevant provisions are here.[2]

The Superior Court o the District of Columbia has found that debt collectors are "merchants" under the CPPA on at least two occasions.   See *District of Columbia v. Cashcall, Inc., et al*, Case No. 2015 CA 006904 B (July 11, 2016)(denied motion to dismiss finding that debt collector can be a "merchant" under the CPPA); *District of Columbia v. Fair Collections & Outsourcing, Inc.*, Case No. 2015 CA 008479 B (February 9, 2016)(denied motion to dismiss rejecting debt collector argument asserting that it is not a "merchant").[3]  However,

---

[2](2) "***consumer***" means a person who does or would purchase, lease (from), or receive consumer goods or services, including a co-obligor or surety, or a person who does or would provide the economic demand for a trade practice; as an adjective, "consumer" describes anything, without exception, which is primarily for personal, household, or family use; (emphasis added); (3) "***merchant***" means a person, whether organized or operating for profit or for a nonprofit purpose, who in the ordinary course of business does or would sell, lease (to), or transfer, either directly or indirectly, consumer goods or services, or a person who in the ordinary course of business does or would supply the goods or services which are or would be the subject matter of a trade practice; (6) "***trade practice***" means any act which does or would create, alter, repair, furnish, make available, provide information about, or, directly or indirectly, solicit or offer for or effectuate, a sale, lease or transfer, of consumer goods or services; (emphasis added); (7) "***goods and services***" means any and all parts of the economic output of society, at any stage or related or necessary point in the economic process, and includes consumer credit, franchises, business opportunities, real estate transactions, and consumer services of all types; (emphasis *added*).  DC CODE 28-3901.

[3] Both cases are attached as Exhibit A.

the federal court has found on at least two occasions that debt collectors are not "merchants" within the meaning of the CPPA.  See *Osinubepi-Alao v. Plainview Fin. Servs., Ltd.,* 44 F. Supp. 3d 84, 92-93 (D.D.C. 2014) (debt collector is not a merchant under the CPPA); *Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 55 F.Supp.3d 43, 46-48 (D.D.C.2014)(debt collector not a merchant).

The divergent paths of the CPPA in federal and local courts provide inconsistent results causing injustice in either court.  Injustice to the consumer if he/she is denied the protections of the CPPA in federal court and injustice to the debt collector in DC Superior Court if liability is unjustly imposed. The two different tracts do not promote uniformity of application of the CPPA in both courts but instead promotes forum shopping by the litigants.  Here, rehearing en banc along with certification to the District of Columbia Court of Appeals will provide some well needed clarity in application of the law ensuring that justice is uniformly and equitably administered by both the federal court and the District of Columbia Court of Appeals.

## II.     The Panel Decision Involves an Issue of Exceptional Importance to District of Columbia Consumers Facing Abusive Debt Collection Practices

Appellant requests rehearing en banc to enable the court to certify the questions of whether the CPPA applies to debt collectors engaged in debt collection.    The issue is one of exceptional importance as it is recurring and

involves important consumer protections considered a priority of Congress and the District of Columbia Council.  In deciding whether certification of a question to the District of Columbia Court of Appeals is appropriate, two questions are asked: (1) whether the law is "genuinely uncertain" with respect to the dispositive question and (2) whether the issue "is one of extreme public importance." *Nationwide Mut. Ins. Co. v. Richardson*, 270 F.3d 948, 950 (D.C. Cir. 2001)(citations omitted); see also *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1302 (D.C. Cir. 2002).  "The use of such certification procedures 'in a given case rests in the sound discretion of the federal court."' *Joy v. Bell Helicopter Textron, Inc.,* 999 F.2d 549, 563 (D.C. Cir. 1993).  Although, a "federal court sitting in diversity should normally decline to speculate on ... a question of local doctrine. 'Federal judges are disinclined to make bold departures in areas of law that [they] have no responsibility for developing.'" *Delahanty v. Hinckley*, 845 F.2d 1069, 1070 (D.C. Cir. 1988) (quoting *Afram Export Corp. v. Metallurgiki Halyps, S.A*., 772 F.2d 1358 (7th Cir. 1985); see also *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1302 (D.C. Cir. 2002); *Nationwide Mut. Ins. Co. v. Richardson*, 270 F.3d 948, 950 (D.C. Cir. 2001). As "federal court[s] ......normally decline to speculate on ... a question of local doctrine," the issue is suitable for certification.  See *East v. Graphic Arts Indus. Joint Pension Trust*, 107 F.3d 911, 911 (D.C.Cir.1997). The "genuine uncertainty" is shown *supra*.  Appellant's request to certify these

questions of local law to the District of Columbia Court of Appeals is apt under the circumstances presented and is a matter of exceptional importance.

Appellant's claims are ingrained in state law and require first impression interpretations of a local District of Columbia statute. The issues raise by Appellant have yet to be raised before the District of Columbia Court of Appeals and the court has not yet had the opportunity to interpret the CPPA in the debt collection context, thus, certification is appropriate. Neither the parties nor the District Court or this Court has been able to find or cite a single case from the District of Columbia Court of Appeals, discussing debt collection either directly or even indirectly within the CPPA context. The District of Columbia Court of Appeals has yet to consider whether the scope of the CPPA encompasses debt collection.

This Court certified *DeBerry v. First Government Mortg and Investors Corp,* 743 A.2d 699 (D.C. 1999) involving whether the refinancing of a mortgage is a "trade practice" under the CPPA. The District of Columbia Court of Appeals concluded in the affirmative that the CPPA "applies to extensions of consumer credit." *Id* at 701. This Court has certified cases under other similar circumstances, i.e., cases involving initial interpretations of insurance policies which present issues likely to recur. *Nationwide*, 270 F.3d at 950. The *Nationwide* analysis is applicable here. Debt collection is a booming business and thousands of default judgments are entered in the Superior Court of the District of Columbia each year.

Unfortunately, this gives rise to some players in the industry that engage in short cuts to obtain an edge over those principled collectors who play by the rules. Such pervasiveness of the industry and its practices make the issues in the instant case recurring. The divergent result obtained in local and federal courts based on conflicting interpretations of the CPPA promotes its misapplication by both the local and federal courts.

Additionally, the fact that this is the second CPPA case involving debt collection before the Circuit in as many years is further evidence of its recurring nature. Federal and local courts are seeing more debt collection cases on the dockets than ever before. Whereas in 2013, the year this case was filed, there was no precedent involving the FDCPA in this Circuit, there is now some precedent to which can be referred when litigating debt collection cases. The importance of curbing abusive debt collection practices has also come to the intention of the Supreme Court of the United States. The Highest Court has granted certiorari on three debt collection cases in the last five years. Debt collection is a thriving business and inevitable abusive debt collection tactics caused by short cuts taken by some industry players make the issues raised in relation to the CPPA's application recurring in the District. The divergent outcomes depending on the forum do not result in equal access to and distribution of justice. The consumer is

forced to forego a remedy before even filing suit. The debt collector can eliminate a remedy by simply requesting removal to federal court. That is not justice.

As such, the issue is recurring and of extreme importance to District of Columbia consumers facing abusive debt collection practices. Moreover, the fact that the Superior Court for the District of Columbia has ruled opposite of the Panel on the "merchant" issue on at least two occasions finding that debt collectors can be merchants under the CPPA contributes to the importance of rehearing *en banc* and certification of the question to the District of Columbia Court of Appeals. The two tracks, local and federal, are outright divided over the question of whether debt collectors are subject to the CPPA. The current state of the law requires that a consumer facing abusive debt collection practices bring her CPPA claim in the Superior Court for the District of Columbia and her FDCPA claim in federal court as the contrasting decisions of the Superior Court of the District of Columbia and the Federal courts provide dueling precedent on the "merchant" and "trade practice" issues. In federal courts in the District the debt collector is immune from the CPPA. However, in the Superior Court for the District of Columbia the debt collector can be found liable. A consumer should be able to obtain consistent relief in both federal and state court rather than being faced with Sophie's choice as to whether to file in local case based on her CPPA claim only to have Defendant debt

collector remove to federal court based on diversity of jurisdiction or based on the often companion filed federal Fair Debt Collections Practices Act claim.

The issue at bar is also dispositive of the CPPA question. If the District of Columbia Court of Appeals decides that debt collection and debt collectors are subject to the CPPA then the issue before this Court is resolved along with the conflicting interpretations of the federal and local courts. Uniformity of application is then mandated as the highest District of Columbia Court has spoken.  However, if the question is not certified consumers, the most likely losers in such scenario due to lack of resources, will be required to forgo a remedy whenever they find themselves in federal court litigating an abusive debt collection claim.   The question presented is of exceptional importance and meets all the requirements of D.C. Code § 11-723 thus requiring certification to the District of Columbia Court of Appeals. Given the impact of abusive debt collection tactics on economic stability of District of Columbia residents, families and businesses, the surrounding case law for such conduct is an issue of great public importance.  The disposition of this appeal depends upon the proper application of a District of Columbia law to resolve a dispute over the scope of the CPPA between local and federal courts. Certification would resolve such dispute.

As noted by the Panel and the District Court, there is no controlling legal precedent governing whether or not debt collectors are "merchants" or debt

collection is a "trade practice" under the CPPA. However, as also noted by the Panel, the District of Columbia Court of Appeals remanded *Logan v. LaSalle Bank Nat. Ass'n*, 80 A.3d 1014 (2013) to the trial court for "further elucidation by the trial court and the parties" on the issue of whether the "CPPA applies to the trade practices of a mortgage loan servicer." *Id* at 1027. The District of Columbia Court of Appeals made mention of the broad reach of the CPPA. *Id* at n. 14. The District of Columbia Court of Appeals remanded the case because it was unclear as to what Act the consumer in that case was making a claim under. Specifically, on the request for "elucidation," the *LaSalle* court explained

> In their arguments before the trial court, appellees apparently mistook the CPPA for the Consumer Protection Act (CPA), which has monetary limits of $25,000 related to real estate credit transactions. D.C.Code § 28–3901 (2001); see *(Winston) Murray*, 953 A.2d at 323 n. 6 & 323 ("[T]he coverage of the Consumer Protection Procedures Act is much broader than that of the Consumer Protection Act.... The coverage of the D.C. Consumer Protection Act is limited by its terms to actions pertaining to consumer credit sales or direct installment loans.")

*Id*. The parties, the District Court and the Panel have made references to the lack of controlling precedent. Therefore, the genuine uncertainty prong is acknowledged, conceded and met by the facts presented to the court. Certification is allowed where " it appears to the certifying court there is no controlling precedent in the decisions of the District of Columbia Court of Appeals." *See*

D.C.Code § 11–723(a). There is "genuine[] uncertain[ty]" about this question of District of Columbia law that is vital to the underlying case.

Certification to the District of Columbia Court of Appeals seems the most prudent course under the circumstances.

## CONCLUSION

The issues presented are of enormous significance implicating the ability of District of Columbia consumers to seek redress in federal courts for violations of the CPPA for abusive debt collection practices. District of Columbia residence should be able to expect consistent vindication of their statutory rights in federal and state courts.  For all of the reasons stated herein, the Court should grant the Petition for Rehearing En Banc.


June 29, 2017                                          Respectfully Submitted,

                                                       CONSUMER JUSTICE ESQ
                                                       /s/ Radi Dennis
                                                       P.O. Box 27081
                                                       Washington, DC 20038
                                                       Main: (202) 579-1243
                                                       Counsel for Appellant

Attorney for Appellant Demetra Baylor
**CERTIFICATE OF COMPLIANCE**
**WITH TYPE VOLUME LIMITATIONS**


      Pursuant to Rules 28.1(e)(2) or 32(a)(7)(B), I hereby certify that the attached Petition of Appellant for Rehearing and Suggestion for Hearing En Banc is proportionately spaced, has a typeface of 14 points or more and is 3,739 words.


Dated: June 29, 2017                    CONSUMER JUSTICE ESQ
                                        /s/ Radi Dennis
                                        Counsel for Appellant




**CERTIFICATE OF SERVICE**


I hereby certify that on this 29th day of June 2017, I caused this Petition for Rehearing En Banc to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

Ronald S. Canter, Esquire
200A Monroe Street, Suite 104
Rockville, Maryland 20850

                                        CONSUMER JUSTICE ESQ
                                        /s/ Radi Dennis
                                        Counsel for Appellant

22